1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6            FOR THE EASTERN DISTRICT OF CALIFORNIA
7
Kamaljit K. Gosal,                )
8                                  )    2:12-cv-02024-GEB-CKD
              Plaintiff,           )
9                                  )
         v.                        )    ORDER GRANTING PLAINTIFF'S
10                                 )    MOTION TO REMAND*
Wells Fargo Bank, N.A., NDEX       )
11 West, LLC, and Does 1 through   )
50, inclusive,                     )
12                                 )
              Defendants.          )
13 _____

14
15        Plaintiff filed a motion to remand this case to the California
16 Superior Court from which it was removed, arguing removal was improper
17 since it was based solely on diversity jurisdiction, which does not
18 exist.  Specifically, Plaintiff contends that the removant, Defendant
19 Wells Fargo Bank, N.A.("Wells Fargo"), is a national bank that is a
20 citizen of both South Dakota and California. Wells Fargo counters that
21 in light of its status as a national bank, under 28 U.S.C. § 1348 it is
22 only a citizen of South Dakota.
23        For purposes of deciding a national bank's diversity
24 jurisdiction, 28 U.S.C. § 1348 prescribes: "All national banking
25 associations shall . . . be deemed citizens of the States in which they
26 are respectively located."  The Ninth Circuit in American Surety Co. v.
27 Bank of California, 133 F.2d 160, 162 (9th Cir. 1943), interpreted "the
28        *   This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

predecessor statute to 28 U.S.C. § 1348, [and] held that a national bank is located in the State where it maintains its 'principal place of business.'" Guinto v. Wells Fargo Bank, No. 11-cv-372-LKK, 2011 WL 4738519, 2011 U.S. Dist. LEXIS 114986, at *1 (E.D. Cal. Oct. 5, 2011) (citing American Surety Co.). This "holding[] [is] still binding on this court." Id.

Wells Fargo argues in opposition to the motion that Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), abrogated American Surety; however, I agree with the persuasive rejection of this argument in Taheny v. Wells Fargo Bank, N.A., --- F.Supp.2d ----, 2012 WL 1120140 (E.D. Cal. 2012): "Schmidt and American Surety each identify a different possibility for citizenship—main office or principal place of business—without excluding the other possibility." Id. at *5. "Neither the Supreme Court nor the Ninth Circuit, nor any intervening Congressional enactment has ever held or instructed that a national bank is *not* located in the state of its principal place of business." Id. at *4.

Wells Fargo also argues that the interpretation of the word "located" in American Surety was superseded by passage of the Riegle-Neal Interstate Banking Act of 1994. However as explained in Taheny:

> The argument is a non-sequitur. Congress in 1994 did *not* define the meaning of "located" [in the Riegle-Neal Interstate Banking Act of 1994], it defined the meaning of "home State." Congress defined what it meant by "home State" in legislation addressing whether banks can operate branch offices in states other than their "home States." And what it meant by "home State" was . . . where its "main office" was. It did not state or indicate that the "home State" or the "main office" was where the bank was "located" for diversity jurisdiction purposes. Nor did Schmidt rely on this definition in finding that a bank was located where it had its main office. Schmidt, in a footnote simply recites that fact that "[t]he state in which the main office is located qualifies as

2

> the bank's 'home State' under the banking laws."
>
> It is true that speaking generally, it makes sense to think of [a] bank's "home State" as a place where it is located, but the question here is not a general one. The question is where a bank is "located" for purposes of diversity jurisdiction. Thus, when <u>American Surety</u> said Congress had not defined "located" *in this connection*, it was referring to the jurisdictional connection.

<u>Taheny</u>, at *12 (citation omitted).

Therefore, "Wells Fargo is a citizen of California as well as a citizen of South Dakota." <u>Id.</u> at *14. Since both Plaintiff and Wells Fargo are citizens of California, the Court is without diversity subject matter jurisdiction, and this case is remanded to the Superior Court of the State of California for the County of Sacramento.

Dated:   October 12, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge