IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kamaljit K. Gosal,<br><br>        Plaintiff,<br><br>    v.<br><br>Wells Fargo Bank, N.A., NDEX West, LLC, and Does 1 through 50, inclusive,<br><br>        Defendants. | 2:12-cv-02024-GEB-CKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND[*] |

Plaintiff filed a motion to remand this case to the California Superior Court from which it was removed, arguing removal was improper since it was based solely on diversity jurisdiction, which does not exist. Specifically, Plaintiff contends that the removant, Defendant Wells Fargo Bank, N.A.("Wells Fargo"), is a national bank that is a citizen of both South Dakota and California. Wells Fargo counters that in light of its status as a national bank, under 28 U.S.C. § 1348 it is only a citizen of South Dakota.

For purposes of deciding a national bank's diversity jurisdiction, 28 U.S.C. § 1348 prescribes: "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located." The Ninth Circuit in American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943), interpreted "the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  predecessor statute to 28 U.S.C. § 1348, [and] held that a national bank
2  is located in the State where it maintains its 'principal place of
3  business.'" Guinto v. Wells Fargo Bank, No. 11-cv-372-LKK, 2011 WL
4  4738519, 2011 U.S. Dist. LEXIS 114986, at *1 (E.D. Cal. Oct. 5, 2011)
5  (citing American Surety Co.). This "holding[] [is] still binding on
6  this court." Id.

7  Wells Fargo argues in opposition to the motion that Wachovia
8  Bank v. Schmidt, 546 U.S. 303 (2006), abrogated American Surety;
9  however, I agree with the persuasive rejection of this argument in
10 Taheny v. Wells Fargo Bank, N.A., --- F.Supp.2d ----, 2012 WL 1120140
11 (E.D. Cal. 2012): "Schmidt and American Surety each identify a different
12 possibility for citizenship—main office or principal place of
13 business—without excluding the other possibility." Id. at *5. "Neither
14 the Supreme Court nor the Ninth Circuit, nor any intervening
15 Congressional enactment has ever held or instructed that a national bank
16 is *not* located in the state of its principal place of business." Id. at
17 *4.

18 Wells Fargo also argues that the interpretation of the word
19 "located" in American Surety was superseded by passage of the Riegle-
20 Neal Interstate Banking Act of 1994. However as explained in Taheny:

21     The argument is a non-sequitur. Congress
22     in 1994 did *not* define the meaning of "located" [in
        the Riegle-Neal Interstate Banking Act of 1994], it
        defined the meaning of "home State." Congress
23     defined what it meant by "home State" in
        legislation addressing whether banks can operate
24     branch offices in states other than their "home
        States." And what it meant by "home State"
25     was . . . where its "main office" was. It did not
        state or indicate that the "home State" or the
26     "main office" was where the bank was "located" for
        diversity jurisdiction purposes. Nor did Schmidt
27     rely on this definition in finding that a bank was
        located where it had its main office. Schmidt, in a
28     footnote simply recites that fact that "[t]he state
        in which the main office is located qualifies as

2

> the bank's 'home State' under the banking laws."
> It is true that speaking generally, it makes sense to think of [a] bank's "home State" as a place where it is located, but the question here is not a general one. The question is where a bank is "located" for purposes of diversity jurisdiction. Thus, when <u>American Surety</u> said Congress had not defined "located" *in this connection*, it was referring to the jurisdictional connection.

<u>Taheny</u>, at *12 (citation omitted).

Therefore, "Wells Fargo is a citizen of California as well as a citizen of South Dakota." <u>Id.</u> at *14. Since both Plaintiff and Wells Fargo are citizens of California, the Court is without diversity subject matter jurisdiction, and this case is remanded to the Superior Court of the State of California for the County of Sacramento.

Dated:  October 12, 2012

                                             _____
GARLAND E. BURRELL, JR.
Senior United States District Judge